## LESTER DOUGLASS V. THE STATE.

No. 18991.   Delivered May 5, 1937.

The opinion states the case.

*Scott, Hall & Lindsay,* of Marshall, and *Benefield & Glass,* of Jefferson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of theft of two mules, and his punishment was assessed at confinement in the state penitentiary for a term of five years.

Appellant's first contention is that the court erred in declining to sustain his motion for a peremptory instruction because George High, Jr., the State's principal witness, was an accomplice as a matter of law and there was not any corroborating testimony tending to connect appellant with the commission of the offense charged. We are in accord with his contention that his motion should have been sustained.

The testimony shows that on the 21st day of March, 1936, there was taken from the possession of Jessie Hall in Cass County, Texas, two head of mules. Hall testified that he did not know who took the mules and he had not seen them since they were taken. He was unable to find any evidence around his property or in the pasture that would indicate who took his mules. George High, Jr., testified that he was employed by the appellant; that about the time of the commission of the alleged offense he saw the mules in a pen on appellant's premises; that at the request of appellant he fed the mules and recognized them as being the mules belonging to Mr.

Hall. He said that he was instructed by the appellant not to say anything about the mules being on his premises; that appellant threatened to kill him if he did so. He further testified that he, appellant, and Burl Sutton on the following Monday night loaded the mules into Burl Sutton's truck who carried them away; that after the mules were carried away he was again threatened by the appellant that if he said anything about it, he, appellant, would kill him. We think that the testimony as above outlined makes the witness High an accomplice as a matter of law. He knew that the mules had been stolen or at least knew that they belonged to Mr. Hall. He also knew that they were being carried away and disposed of by appellant in which he assisted. This made him an accomplice as a matter of law unless he can be excused from being such by reason of the threats. In order for the threats to have been a defense or to have exonerated him, it was necessary to bring him within the rule of duress as provided by art. 38, P. C. Appellant did not threaten to kill him if he did not feed the mules, nor did he threaten to kill him if he did not assist in loading the mules. The only threats which appellant made against the witness, according to his own testimony, was that if he said anything about it, he was going to kill him. This might have been true although both of them participated in the original taking of the mules and in the disposition made thereof; yet this would not in law relieve him of the consequences of his own voluntary act. In order to more clearly present our view we make the following illustration: A and B agree to steal and do steal certain property. A tells B if you say anything about this, I will kill you. This is not a threat which induced B to assist in the commission of the theft. It is merely a threat to keep him from saying anything about having committed the theft, and such a threat would not relieve B from legal responsibility, nor take him out of the category of an accomplice as a matter of law. See Howard v. State, 92 Texas Crim. Rep., 221 (232), 242 S. W., 739. Since the witness, George High, Jr., was an accomplice as a matter of law and his testimony was not corroborated, the court should have sustained the appellant's motion.

It is therefore ordered that the judgment of the trial court be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.